## Mary Kaminiski, Administratrix, Appellee, v. Corn Products Refining Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon. Theodore N. Green, Judge, presiding. Heard in this court at the April term, 1913. Reversed. Opinion filed October 16, 1913. Rehearing denied December 3, 1913. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Mary Kaminiski, administratrix of the estate of Frank Kaminiski, deceased, against Corn Products Refining Company, a corporation, to recover for the death of the deceased alleged to have been caused by the defendant unlawfully and negligently maintaining a certain box in a highway in such a condition that deceased in driving along the highway ran over and upon the same and was thrown from his wagon and killed. From a judgment in favor of plaintiff for seven thousand dollars, defendant appeals.

Page, Wead, Hunter & Scully, for appellant.

Prettyman, Velde & Prettyman, for appellee.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

### Abstract of the Decision.

1. Roads and bridges, § 184*—*when owner of abutting property liable for maintaining a public nuisance in highway.* Where an owner of property abutting on a public highway maintains in the highway a box used to connect pipes from city water works with pipes leading from the highway to the property, such box having been constructed by a former owner of the property, *held*, in an action against the owner for the death of a person alleged to have been caused by the defective condition of such box while driving on the highway, that the only theory upon which plaintiff could

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

recover would be that the maintaining of such box in the highway for the use of defendant was a public nuisance and that defendant was negligent in failing to abate same.

2. ROADS AND BRIDGES, § 196*—*when teamster guilty of contributory negligence in avoiding obstruction in highway.* In an action against an abutting owner on a public highway to recover for the death of plaintiff's intestate alleged to have been caused by defendant maintaining an obstruction in the highway by reason whereof deceased fell from his wagon and was killed, a verdict in favor of plaintiff *held*, not sustained by the evidence, the evidence showing that deceased was guilty of contributory negligence in driving his team.